[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties herein had organized a professional corporation to provide architectural services. The parties dissolved the corporation after about one year. The plaintiff brings this action for a determination of monies due him up the dissolution of the corporation.
The parties, each a licensed architect, organized a corporation to provide architectural and related service. Each was a one-half owner of the corporation's stock, and each had an equal voice in the conduct of its business.
At issue herein is what, if any, monies are due the plaintiff as a result of the dissolution of the parties' corporation.
The plaintiff claims certain rental payments are due to him, together with reimbursement for expenses incurred corporate business. Further, he asserts that certain receipt received by the defendant were not included as corporate income for equal distribution of the corporate assets between the parties.
The defendant denies the plaintiff's allegations. counterclaims alleging that the plaintiff has failed to include sums received by him as income belonging to the corporation.
The court, after hearing the evidence, reviewing exhibits and applying the relevant law, finds:
That, the plaintiff and the defendant organized corporation for the purpose of providing architectural and related services. Each of the parties was to provide the required services. Each was to own one-half of the corporate CT Page 3458 stock and to have equal responsibility in administering corporate affairs. Each was also to receive an equal share of the net income of the corporation.
That, each party, at the inception of the corporation had existing clients with ongoing contractual service agreements. These agreements were to be taken over by the corporation with the party who brought the client into the corporation receiving payment for that portion of the work done for the client prior to the organization of the corporation. Thereafter, the work done would be considered corporate work and billing processed for the corporation's benefit.
That, the parties herein entered into this corporate arrangement on or about July, 1989. That, the parties dissolved their corporate arrangement on or about August, 1990.
That, corporate assets in the nature of net income remained to be divided between the parties. These assets are funds received from corporate projects less outstanding corporate expenses.
That, the defendant has appropriated corporate assets left after the dissolution of the corporation. Thus, any, corporate assets remaining to be divided and in the defendants possession requires that a one-half distribution be made to the plaintiff.
That the outstanding corporate assets or credits are: from the Peter Zak account $1,750.00, of which one-half or $875.00 is due to the plaintiff. That the rental of the Houston Office reasonably amounts to $1,000.00 per month over a period of four months, making a total due for the rental from the corporation to the plaintiff a sum of $4,000.00. However, the plaintiff would be required to contribute $2,000.00 towards this rental expense so there is due to him a sum of $2,000.00 from this rental. The plaintiff also incurred an expenditure of $310.00 for the purpose of the organizing the corporation. Of this sum he would be entitled to a one-half refund payment, that is $155.00.
The plaintiff also made a contribution to the corporation of $3,500.00 (see Plaintiff's Exhibit B). From that sum $1,000.00 is subtracted for his purchase of corporate stock. The balance of $2,500.00 was excess contribution and refundable CT Page 3459 to the plaintiff. (See Plaintiff's Exhibit A "Capital Contributions").
As to these items, there is due to the plaintiff from the defendant the total sum of $5,530.00.
Regarding the plaintiff's remaining claims, the court finds: That the Steinberg account payment of $2,000.00 was deposited in the corporate account and used to pay legitimate corporate expenses; that the Gambardella account had no net income as a result of the arbitration award. The arbitrators award did not specify the time period as to when the work was done before or after the corporation was organized — therefore, the corporate net income would result from the percentage of the overall work done by the corporation. This, however, would be after expenses were deducted. Since the expenses including the costs of the arbitration resulted in a loss, no net income was available for distribution to the parties. That, the St. George's Church account was the defendant's account prior to the organization of the corporation and the defendant had completed 75% of the total work, the remaining 25% performed through the corporation, payment was received by the corporation and distributed to the parties leaving no further outstanding distributions to be made. With regard to the plaintiff's claim that checks no. 1111 and 1119 were improper expenditures by the defendant, these checks were for premiums for health insurance benefits for the plaintiff's family and thus are not to be considered improper expenditures. Further, regarding check no. 1108, this payment was for a premium for professional errors and omissions insurance. This is a valid corporate expense since this was for a "claims made" policy for the six month period subsequent to the dissolution of the corporation. It is reasonable that such a policy issue for the protection of the corporation for the period when claims might be filed against the corporation for work done. Therefore, the court finds that this was a valid corporate expense.
As to the plaintiff's claim for reimbursement for expenditures incurred on January and July, 1990 for trips to Reno, Nevada, the court finds that there was no sufficient evidence presented regarding the expenses incurred by the plaintiff nor that the trips concerned corporate business.
As to the defendant's claim for reimbursement for out-of-pocket expenses incurred toward the Gambardella arbitration hearing, the court finds that these out-of-pocket payments CT Page 3460 by the defendant reflects the exposure to him resulting from work done by him prior to the corporation assuming the Gambardella account and thus these payments by the defendant are not a corporate expense.
Judgment may enter in accordance with the above.
JULIUS J. KREMSKI STATE TRIAL REFEREE